AVA E. REED & als., *Pet'rs*, *versus* MARY FOSTER, *Adm'x.*

The heirs of the intestate have no right of appeal from the decree of the Judge of Probate accepting the report of commissioners appointed under c. 115 of the Public Laws of 1859.

ON EXCEPTIONS.

PETITION, under R. S., c. 63, §§ 19 & 21, by the heirs of Joseph Foster, for leave to enter and prosecute an appeal from a decree of the Judge of Probate for the county of Sagadahoc, accepting the report of commissioners appointed

under c. 115 of the Public Laws of 1859, allowing a claim against the estate of said Foster, under administration.

It appeared that the defendant, by petition, represented to the Judge of Probate that a claim which she deemed unjust had been made against the estate of her intestate, and requested the appointment of commissioners under said c. 115, to determine the amount to be allowed upon such claim. Thereupon commissioners were appointed whose report was returned to and accepted by the Probate Court. The petitioners alleged that they had no notice until it was too late for them to enter an appeal. The administratrix (defendant) was notified of the pendency of this petition, by an order of Court. The presiding Judge dismissed the petition for want of proper parties and the petitioners alleged exceptions.

*Orr*, for the petitioners.

*F. Adams*, for the respondent.

BARROWS, J. — The petitioners, if their interests are likely to suffer by reason of any misdoings of the commissioners, or of the administratrix, have evidently mistaken their remedy. To the proceedings before the Judge of Probate, under c. 115 of the laws of 1859, the only legal parties were *the claimant*, or claimants, and *the administratrix*, representing the estate and the rights of these petitioners (with others) therein.

No other persons are entitled to an appeal in such case, because the rights of no others are *directly* affected by the proceedings. Thus, the several heirs of a residuary legatee are not entitled to appeal from a decree allowing the account of an executor, but the appeal should be made by the administrator of the residuary legatee, he being the person directly entitled to receive that which is finally to be distributed among the heirs of the residuary legatee. *Downing* v. *Porter*, 9 Mass., 386.

If the administratrix has collusively or negligently failed

to claim an appeal, in a case where her duty to the estate which she represents required it, the remedy of those interested in the estate would be by suit upon her bond. Such failure could not authorize an appeal by persons other than the parties to the proceeding. So that this petition must, in any case, have been dismissed, even had the claimant (who was the party in interest opposed to the heirs) been notified of its pendency. And, manifestly, notice to the administratrix, whose legal interest was identical with that of the heirs, was insufficient to authorize any further proceedings upon the petition. *Exceptions overruled.*

*Petition dismissed with costs for the respondent.*

